**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Andy Eugene Hyman, Appellant.

Appellate Case No. 2021-000734

---

Appeal From Florence County
Roger E. Henderson, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-271
Submitted July 19, 2024 – Filed July 24, 2024

---

**REVERSED AND REMANDED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Andy Eugene Hyman appeals his involuntary commitment under the Sexually Violent Predator Act (the SVP Act),[1] arguing the circuit court erred in admitting evidence of the results of a penile plethysmograph (PPG) test he underwent because the evidence was unreliable. We reverse and remand pursuant to Rule 220(b), SCACR.

---

[1] S.C. Code Ann. §§ 44-48-10 to 44-48-180 (2018 & Supp. 2023).

We hold the PPG is not reliable as required by Rule 702 of the South Carolina Rules of Evidence; thus, the trial court abused its discretion in admitting the PPG results. *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a manifest abuse of discretion accompanied by probable prejudice."); *In re Gonzalez*, 409 S.C. 621, 628, 763 S.E.2d 210, 213 (2014) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Wallace*, 440 S.C. 537, 544, 892 S.E.2d 310, 313 (2023) ("To admit expert testimony under Rule 702, the proponent . . . must demonstrate, and the trial court must find, the existence of three elements: 'the evidence will assist the trier of fact, the expert witness is qualified, and the underlying science is reliable.'" (quoting *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999))); *Watson v. Ford Motor Co.*, 389 S.C. 434, 450, 699 S.E.2d 169, 177 (2010) ("[F]actors that the trial court should consider when determining . . . reliab[ility are]: '(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures.'" (footnote omitted) (quoting *Council*, 335 S.C. at 19, 515 S.E.2d at 517)); *Matter of Daily*, Op. No. 6061 (S.C. Ct. App. filed June 12, 2024) (Howard Adv. Sh. No. 22 at 19) (holding the trial court abused its discretion in admitting the PPG test results because "the PPG is not reliable, as required by Rule 702"); *see also Matter of Bilton*, 432 S.C. 157, 162, 851 S.E.2d 442, 444 (Ct. App. 2020) ("The [PPG] test is controversial and has been criticized for a lack of standardization and for being subject to manipulation."); *id.* at 162-63, 851 S.E.2d at 444 ("[W]ith limited exceptions . . . courts have 'uniformly' declared that PPG test results are 'inadmissible as evidence because there are no accepted standards for this test in the scientific community.'" (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1266 (9th Cir. 2000))).

Further, the error of admitting the PPG test results was prejudicial. Here, the State presented testimony of Dr. Emily Gottfried, who conducted an evaluation pursuant to the SVP Act. Dr. Gottfried's testimony regarding the results of the PPG had the

appearance of scientific evidence; she described the PPG test as "an objective physiological measure of male sexual arousal" and "the gol[d] standard of looking at adult males sexual arousal," and she explained that the test was "a strong predictor or risk factor for future sexual offending."  Additionally, the State relied on the results of the PPG test during its cross-examination of Hyman when it asked him why he got an erection in response to a stimulus set during the PPG that portrayed an "older man such as yourself raping a little girl."  It further relied on the results of the PPG during its closing argument when it argued that the results alone were "enough to put [Hyman] in a secured facility for long[-]term care, control, and treatment."  *See Gonzalez*, 409 S.C. at 636, 763 S.E.2d at 217 ("A fundamental principle of appellate procedure is that a challenged decision must be both erroneous and prejudicial to warrant reversal."); *id.* ("Error is harmless where it could not have reasonably affected the result of the trial." (quoting *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009))); *Daily*, Op. No. 6061 (Howard Adv. Sh. No. 22 at 20) ("Many cases recount the special solicitude juries afford testimony that has the appearance of scientific evidence" (quoting *Bilton*, 432 S.C. at 168, 851 S.E.2d at 447)); *Bilton*, 432 S.C. at 168, 851 S.E.2d at 447 (finding prejudicial error in the admission of PPG test results).

**REVERSED AND REMANDED.**[2]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.